**MILSTEIN ADELMAN JACKSON FAIRCHILD & WADE, LLP**
Gillian L. Wade, Esq. (SBN 229124)
gwade@majfw.com
Sara D. Avila, Esq. (SBN 263213)
savila@majfw.com
10250 Constellation Blvd., Suite 1400
Los Angeles, CA 90067
Telephone: (310) 396-9600
Facsimile: (310) 396-9635

**CARNEY BATES & PULLIAM, PLLC**
Randall K. Pulliam, Esq.
rpulliam@cbplaw.com
2800 Cantrell Rd., Suite 510
Little Rock, Arkansas 72202
Telephone: (501) 312-8500
Facsimile: (501) 312-8505

*Attorneys for Plaintiff ARCARE, INC.*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCARE, INC., an Arkansas Corporation,<br><br>Plaintiff,<br><br>v.<br><br>HIGHLANDER PRINTING, LLC, d/b/a HIGHLANDER PRINTING AND IMAGING SUPPLIES, a California Limited Liability Company,<br><br>Defendants | Case No. 2:16-cv-2806<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>1. Violations of the Telephone Consumer Protection Act, *47 U.S.C. § 227(b)(1)(C) and 47 C.F.R. § 64.1200(a)(4)*<br>2. Violations of the California Junk Fax Law, *Cal. Bus. and Prof. Code § 17538.43* |

**COMPLAINT**

Plaintiff, ARcare, Inc. ("Plaintiff"), brings this Complaint against Highlander Printing, LLC, d/b/a Highlander Printing and Imaging Supplies ("Defendant") for violations of the federal Telephone Consumer Protection Act ("TCPA") and the California Junk Fax Law, California Business and Professions Code Section 17538.43 ("California Junk Fax Law"). In support, Plaintiff states as follows:

## INTRODUCTION

1. This case challenges Defendant's policy and practice of faxing unsolicited advertisements without providing an opt-out notice as required by law.

2. Congress enacted the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, to regulate the fast-growing expansion of the telemarking industry. As is pertinent here, the TCPA and its implementing regulations prohibit persons within the United States from sending advertisements via fax without including a detailed notice that allows recipients to expeditiously opt out of receiving future solicitations.

3. Junk faxes disrupt recipients' peace, drain recipients' paper, ink, and toner, and cause recipients tangible damages. Junk faxes also cause recipients to waste valuable time retrieving and discerning the purpose of the faxes; prevent fax machines from receiving and sending authorized faxes; and cause undue wear and tear on recipients' fax machines. Plaintiff offers pharmaceutical services and must use its fax machine to receive communications about patients. That purpose is impeded when Plaintiff's fax machine is invaded by junk faxes.

4. The TCPA provides a private right of action and statutory damages of $500 per violation, which may be trebled when the violation is willing or knowing.

5. The California Junk Fax Law provides a private right of action for actual damages or statutory damages of five hundred dollars ($500) per violation, whichever amount is greater, which may be trebled when the violation is willing or knowing.

1
**COMPLAINT**

6. Plaintiff brings this case under the TCPA to recover declaratory relief, damages for violations of the TCPA, and an injunction prohibiting Defendant from future TCPA violations.

7. Plaintiff further brings this case under the California Business and Professions Code § 17538.43 ("California Junk Fax Law"), to recover declaratory relief, actual damages, and injunctive relief.

## JURISDICTION AND VENUE

8. This Court has personal jurisdiction over Defendant because it operates its business in California and is incorporated in California.

9. This Court has subject-matter jurisdiction over Plaintiff's TCPA claim pursuant to 28 U.S.C. § 1331.

10. This Court has supplemental jurisdiction over Plaintiff's California Junk Fax Law claim pursuant to 28 U.S.C. § 1367(a).

11. Venue in this district is proper because this is the district in which Defendant resides.

## PARTIES

12. Plaintiff, ARcare is an Arkansas non-profit corporation located in Augusta, Arkansas. Among other entities, ARcare owns and operates the Parkin Drug Store and the Bald Knob Medical Clinic.

13. Defendant Highlander Printing, LLC, is a company that sells printing, fax, and copier supplies. It has its principal place of business in Los Angeles, California and is organized under the laws of California.

## FACTS

14. On August 6, 2015, Defendant sent a two-page unsolicited advertisement to Plaintiff's ink-and-paper facsimile machine. The cover page requests that the recipient review the attached prices. The second page of the fax advertises a price drop on Lexmark compliant cartridges. It touts "Free Shipping!"

and lists prices for four separate products. A copy of this facsimile is attached hereto and marked as Exhibit A.

15. On July 7, 2015, Defendant sent a two-page unsolicited advertisement to Plaintiff's ink-and-paper facsimile machine. The cover page requests that the recipient review the attached prices. The second page of the fax advertises a price drop on Lexmark compliant cartridges. It touts "FREE SHIPPING! ON ALL LEXMARK COMPLIANT CARTRIDGES" and lists prices for four separate products. A copy of this facsimile is attached hereto and marked as Exhibit B.

16. On June 4, 2015, Defendant sent a two-page unsolicited advertisement to Plaintiff's ink-and-paper facsimile machine. The cover page states that prices are attached. The second page of the fax advertises a price drop on Lexmark compliant cartridges. It touts "FREE SHIPPING! ON ALL LEXMARK COMPLIANT CARTRIDGES" and lists prices for four separate products. A copy of this facsimile is attached hereto and marked as Exhibit C.

17. On October 6, 2015, Defendant sent a two-page unsolicited advertisement to Plaintiff's ink-and-paper facsimile machine. The cover page requests that the recipient review the attached information with "Another Price Drop." The second page of the fax advertises a price drop pursuant to pharmacy specials. It touts "FREE SHIPPING!" and lists prices for four separate products. A copy of this facsimile is attached hereto and marked as Exhibit D.

18. On information and belief (the fax is partially cut-off), on December 3, 2015, Defendant sent a two-page unsolicited advertisement to Plaintiff's ink-and-paper facsimile machine. The cover page touts "End of Year Specials." The second page of the fax advertises prices for five different products and advertises the availability of maintenance kits. A copy of this facsimile is attached hereto and marked as Exhibit E.

19. On information and belief (the fax is partially cut-off), on February 4, 2016, Defendant sent a two-page unsolicited advertisement to Plaintiff's ink-and-

paper facsimile machine. The cover page requests that the recipient review the attached prices for February 2016 specials. The second page of the fax advertises the availability of HP, Brother, Canon, and Samsung cartridges. It also lists prices for five separate products. A copy of this facsimile is attached hereto and marked as Exhibit F.

20. On information and belief (the fax is partially cut-off), on January 5, 2016, Defendant sent a two-page unsolicited advertisement to Plaintiff's ink-and-paper facsimile machine. The cover page requests that the recipient review the attached prices and stock up for the New Year. The second page of the fax advertises "FREE SHIPPING!" and the availability of maintenance kits. It also lists prices for five separate products. A copy of this facsimile is attached hereto and marked as Exhibit G.

21. On information and belief, on April 7, 2016, Defendant sent a two-page unsolicited advertisement to Plaintiff's ink-and-paper facsimile machine. The cover page requests that the recipient review the attached prices for April 2016 prices. The second page of the fax advertises the availability of HP, Brother, Canon, and Samsung cartridges. It also lists prices for five separate products. A copy of this facsimile is attached hereto and marked as Exhibit H.

22. The sixteen total pages displayed in Exhibits A–H are exemplary of the junk faxes Defendant sends.

23. Upon information and belief, Plaintiff has received dozens of fax advertisements from Defendant in addition and similar to Exhibits A–H.

24. Defendant did not have Plaintiff's prior express invitation or permission to send advertisements to Plaintiff's fax machine.

25. Defendant's faxes do not contain opt-out notices that comply with the requirements of the TCPA.

Case 2:16-cv-02806 Document 1 Filed 04/22/16 Page 6 of 9 Page ID #:6

## CLAIMS FOR RELIEF

### COUNT ONE
**Violations of the Telephone Consumer Protection Act**
*47 U.S.C. § 227(b)(1)(C) and 47 C.F.R. § 64.1200(a)(4)*

26. Plaintiff hereby incorporates by reference each of the preceding paragraphs as though fully set forth herein.

27. The TCPA provides strict liability for sending fax advertisements in a manner that does not comply with the statute. Recipients of fax advertisements have a private right of action to seek an injunction or damages for violations of the TCPA and its implementing regulations. 47 U.S.C. § 227(b)(3).

28. The TCPA makes it unlawful to send any "unsolicited advertisement" via fax unless certain conditions are present. 47 U.S.C. § 227(b)(1)(C). "Unsolicited advertisement" is defined as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5).

29. Unsolicited faxes are illegal if the sender and recipient do not have an "established business relationship." 47 U.S.C. § 227(b)(1)(C)(i). "Established business relationship" is defined as "a prior or existing relationship formed by a voluntary two-way communication between a person or entity and a business or residential subscriber with or without an exchange of consideration, on the basis of an inquiry, application, purchase or transaction by the business or residential subscriber regarding products or services offered by such person or entity, which relationship has not been previously terminated by either party." 47 U.S.C. § 227(a)(2); 47 C.F.R. § 64.1200(f)(6).

30. Regardless of whether the sender and recipient have an established business relationship, and regardless of whether the fax is unsolicited, a faxed advertisement is illegal unless it includes an opt-out notice on its first page that

5
COMPLAINT

complies with the TCPA's requirements. *See* 47 U.S.C. § 227(b)(1)(C)(iii); 47 C.F.R. § 64.1200(a)(4)(iv). To comply with the law, an opt-out notice must (1) inform the recipient that the recipient may opt out of receiving future faxes by contacting the sender; (2) provide both a domestic telephone number and a facsimile machine number—one of which must be cost-free—that the recipient may contact to opt out of future faxes; and (3) inform the recipient that the sender's failure to comply with an opt-out request within thirty days is a violation of law. *See* 47 U.S.C. § 227(b)(2)(D); 47 CFR § 64.1200(a)(4)(iii).

31. Defendant faxed unsolicited advertisements to Plaintiff that did not have compliant opt-out notices, in violation of 47 U.S.C. § 227(b)(1)(C) and 47 C.F.R. § 64.1200(a)(4).

32. Defendant knew or should have known (a) that Plaintiff had not given express invitation or permission for Defendant to fax advertisements about its products; (b) that Defendant's faxes did not contain a compliant opt-out notice; and (c) that Exhibits A–G are advertisements.

33. Defendant's actions caused actual damage to Plaintiff. Defendant's junk faxes caused Plaintiff to lose paper, toner, and ink consumed in the printing of Defendant's faxes through Plaintiff's fax machines. Defendant's faxes cost Plaintiff time that otherwise would have been spent on Plaintiff's business activities.

34. In addition to statutory damages (and the trebling thereof), Plaintiff is entitled to declaratory and injunctive relief under the TCPA.

### COUNT TWO
**Violations of the California Junk Fax Law**
*Cal. Bus. and Prof. Code § 17538.43*

35. Plaintiff hereby incorporates by reference each of the preceding paragraphs as though fully set forth herein.

**COMPLAINT**

36. The California Junk Fax Law states that "Unsolicited advertisement means any material advertising the commercial availability or quality of any property, goods, or services that is transmitted to any person or entity without that person's or entity's prior express invitation or permission." Cal. Bus. and Prof. Code § 17538.43(a)(2).

37. The California Junk Fax Law provides "it is unlawful for a person or entity, if either the person or entity or the recipient is located within California, to use any telephone facsimile machine, computer, or other device to send, or cause another person or entity to use such a device to send, an unsolicited advertisement to a telephone facsimile machine." *Id.* § 17538.43(b)(1).

38. The California Junk Fax Law makes unlawful to "initiate any communication using a telephone facsimile machine that does not clearly mark, in a margin at the top or bottom of each transmitted page or on the first page of each transmission, the date and time sent, an identification of the business, other entity, or individual sending the message, and the telephone number of the sending machine or of the business, other entity, or individual." *Id.* § 17538.43(c)(1).

39. Defendant faxed unsolicited advertisements to Plaintiff in violation of Cal. Bus. and Prof. Code §17538.43(b)(1).

40. Defendant knew or should have known (a) that Plaintiff had not given express invitation or permission for Defendant to fax advertisements about its products; (b) that Exhibits A–G are advertisements; and (c) that Exhibits A – G did not contain adequate information in the margins of each page, pursuant to California Junk Fax law.

41. Defendant's actions caused actual damage to Plaintiff. Defendant's junk faxes caused Plaintiff to lose paper, toner, and ink consumed in the printing of Defendant's faxes through Plaintiff's fax machine. Defendant's faxes cost Plaintiff time that otherwise would have been spent on Plaintiff's business activities.

42. In addition to actual or statutory damages (and the trebling thereof), Plaintiff is entitled to declaratory and injunctive relief under the California Junk Fax Law.

## REQUEST FOR RELIEF

WHEREFORE Plaintiff respectfully requests that this Court:

a) Declare Defendants' conduct to be unlawful under the TCPA and the California Junk Fax Law;

b) Award damages under the TCPA for each violation in the amount of actual monetary loss or $500, whichever is greater, and treble those damages;

c) Award damages under the California Junk Fax Law for each violation in the amount of actual monetary loss or $500, whichever amount is greater, and treble those damages;

d) Enjoin Defendant from additional violations;

e) Grant such other legal and equitable relief as the Court may deem appropriate, including costs and attorney's fees.

## JURY DEMAND

Plaintiff hereby requests a trial by jury.

Dated: April 22, 2016

**MILSTEIN ADELMAN JACKSON FAIRCHILD & WADE, LLP**

By: /s/Gillian L. Wade
Gillian L. Wade
Sara D. Avila

Randall K. Pulliam, Esq.
**CARNEY BATES & PULLIAM, PLLC**

*Attorneys for Plaintiff*

8
**COMPLAINT**